UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL,

     Plaintiff,                                                                   Case No.14-11337

vs.                                                                                      HON. AVERN COHN

DANIEL HEYNS, PAUL KLEE, LEE
McROBERTS, S. CAMPBELL, STEVEN
KINDINGER, B. EVERS, and C. CONDON,

     Defendants.

_____/

**MEMORANDUM AND ORDER**
**OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 26)**
**AND**
**ADOPTING REPORT AND RECOMMENDATION (Doc. 25)**
**AND**
**GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 19)**
**AND DISMISSING CASE**

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff Robert

Annabel, proceeding pro se, filed a complaint under §1983, alleging violations of his

Eighth Amendment right to be free from cruel and unusual punishment.  Plaintiff also

asserts claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et

seq., and the Rehabilitation Act of 1973 (RA), 29 U.S.C. § 794, et seq.  Defendants are:

Daniel Heyns, Paul Klee, Lee McRoberts, Sherman Campbell, Steven Kindinger, Brian

Evers, and Louis Condon, all of whom are employed by the Michigan Department of

Corrections.  In broad terms, plaintiff alleges that he takes psychotropic medications to

treat a diagnosed mental illness, which renders him particularly sensitive to heat. . He

further asserts that the defendants failed to accommodate this sensitivity and thereby placed him in danger of heat stroke and other heat-related complications.  The matter was referred to a magistrate judge for pretrial proceedings.  See Doc. 7.

Defendants filed a motion for summary judgment.  (Doc. 19).  The magistrate judge issued a report and recommendation (Doc. 24), recommending that the motion be granted.

Before the Court are plaintiff's objections to the MJRR.  For the reasons that follow, the objections will be overruled, the MJRR will adopted, and defendants' motion will be granted.

II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge.  Id.  The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context.  Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 991) ("It is arguable in

this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

III.

Plaintiff raises four objections.  In his first objection, plaintiff suggests that the magistrate judge did not accept his factual assertion that he suffers from a heat related illness due to his psychotropic medication.  The magistrate judge did accept plaintiff's assertion but concluded that the record did not contain any evidence to support his assertion, i.e. plaintiff submitted no medical record verifying that he was ever diagnosed with a heat related illness nor any treatment notes documenting that he had been treated for a heat related illness.  The record contains only plaintiff's assertion that he was on medication which impaired his ability to heat.  That is insufficient to show a genuine issue of material fact as to whether plaintiff suffers from a serious health condition.  Moreover, plaintiff does not offer any evidence in his objections.  Thus, this objection lacks merit.

In his second objection, plaintiff objects to the magistrate judge's conclusion that defendants were not aware that plaintiff had a health condition.  This objection does not carry the day.  The record fails to show that any of the defendants were aware of plaintiff's alleged condition or that they were aware of facts from which they could have drawn a reasonable inference that he had a serious health condition.

In his third objection, plaintiff says that qualified immunity does not bar his claim for injunctive relief which is based on a facial challenge to the prison policy directive regarding portable fans.  The magistrate judge did not engage in a qualified immunity

3

analysis of plaintiff's challenge to the policy directive but rather concluded, correctly, that the applicable policy directive is not facially unconstitutional.  This objection is overruled.

Plaintiff's final objection concerns his ADA and RA claims, which the magistrate judge concluded must fail because of a lack of evidence that any of the defendants denied him a benefit or discriminated against him on account of his alleged disability.  In his objections he says he is being denied the services and benefits of mental health treatment and prisoner housing.  However, he offers no evidence of this nor has he shown that other similarly situated persons were treated differently than him.

IV.

Accordingly, for the reasons stated above, plaintiff's objections are OVERRULED.  The MJRR is ADOPTED as the findings and conclusions of the Court. Defendants' motion for summary judgment is GRANTED.  Plaintiff's motion to stay discovery (Doc. 28) is DENIED AS MOOT.

This case is DISMISSED.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: September 21, 2015

Detroit, Michigan

4